## �export Richmond.

### ANDREWS v. ROSELAND IRON AND COAL Co.

#### November 17th, 1892.

1. ADVERSE POSSESSION.—Uninterrupted, honest, adverse possession of land, under color of title, for the statutory period, is a defense to an action of ejectment by a party claiming under a senior patent.

2. IDEM—*What constitutes.*—Where there is an interlock between a senior and a junior patent, and there has been no actual possession under the former, possession of the interlock, accompanied by claim of title to the whole of the land covered by the junior patent, is, in contemplation of law, possession of the whole.

3. EJECTMENT—*Verdict.*—Upon a plea of " not guilty " to declaration that defendant unlawfully withholds possession of land, the verdict, " We, the jury, find that the defendant does not withhold possession of the land in the declaration mentioned, as alleged, and therefore find for the defendant on the issue joined "—

HELD :

The verdict is responsive to the issue, and unexceptionable.

Argued at Staunton. Decided at Richmond. Error to judgment of circuit court of Augusta county, rendered at the May term, 1891, in an action of ejectment wherein Sarah A. Andrews and others were plaintiffs and the Roseland Iron and Coal Company was defendant. The judgment being adverse to the plaintiffs, they obtained a writ of error to this court. Opinion states the case.

*J. C. Braxton,* for plaintiffs in error.

*R. P. Bell,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

This was an action of ejectment to recover a tract of two hundred and five acres of land situate in Augusta county. The plaintiffs claimed title as the heirs-at-law of one Edwards, who obtained a patent for the land in 1835. The land is partly covered by an elder patent, issued to one Moore in 1796, and partly by a junior patent issued to one Deal in 1849. The defendant company, the defendant in error here, claimed title under the two last-mentioned patents.

The controversy in this court extends only to the Deal interlock, and depends upon the simple question, whether the plaintiffs' right is barred by the alleged adversary possession of the defendant.

It appears that the defendant company purchased the land from the firm of Echols, Bell & Catlett; that the firm purchased it in 1873 from one Lines, who claimed to have bought it in 1850 from Deal, who conveyed it to Lines about the time of the latter's sale to Echols, Bell & Catlett. Upon his purchase, Lines moved on the land, and cleared, enclosed, and cultivated a field thereon, the greater portion of which was on that part of the land covered by the Deal patent. This field, it appears, has been kept under cultivation ever since; and, in short, the evidence shows that the defendant company, or those under whom it claims, have been in the uninterrupted, honest, and adverse possession of the land, not only for the statutory period, but for at least forty years before the action was brought.

We say, in possession of *the land,* because, although the enclosure above mentioned constitutes only a small part of the Deal interlock, yet, inasmuch as it is conceded that there has been no actual possession under the conflicting grant to Edwards, possession of that part, accompanied, as it was, by a claim of title to all the land within the bounds of the Deal grant, is, in contemplation of law, possession of the whole. 2 Min. Insts. 509; *Cline* v. *Catron,* 22 Gratt. 378; *Turpin* v.

*Saunders*, 32 Id. 27, 38; *Clarke* v. *Courtney*, 5 Pet. 319; *Hunnicutt* v. *Peyton*, 102 U. S. 333.

It is true there was evidence for the plaintiffs tending to show that about thirteen years before the action was commenced the land was vacant, and that it had then been so nearly two years. But this evidence, being in conflict with the defendant's evidence, must be rejected—the evidence, not the facts, being certified to this court.

The only remaining point is that the motion in arrest of judgment ought to have been sustained, on the ground that the verdict is not in proper form. There is, however, nothing in this objection. To the charge in the declaration that the defendant unlawfully withholds possession of the land, the plea was " not guilty," and the verdict was as follows: " We, the jury, find that the defendant does not withhold possession of the land in the declaration mentioned, as alleged, and therefore find for the defendant on the issue joined." This was responsive to the issue, and the verdict in form is unexceptionable.

JUDGMENT AFFIRMED.